UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND MCPETERS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:16-CV-1680-SPM |
| | ) |
| BAYER, CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs' Motion to Remand this case to state court. (Doc. 15). The motion has been fully briefed, and the Court has heard oral argument on the motion. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 36).

### I. BACKGROUND

Plaintiffs filed this action in the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, Missouri. (Doc. 1-1). Plaintiffs are ninety-four individual women, each of whom alleges that she suffered injuries resulting from the use of Essure, a permanent birth control system manufactured by Defendants. Plaintiffs assert claims of negligence, negligence per se, strict liability for failure to warn, strict liability based on a manufacturing defect, common law fraud, constructive fraud, fraudulent concealment, breach of express warranty, breach of implied warranty, violations of consumer protection laws, Missouri products liability, violation of the Missouri Merchandising Practices Act, and gross negligence/punitive damages. Plaintiffs include citizens of a number of different states, including Missouri, Indiana, Pennsylvania, and New Jersey.

On October 28, 2016, Defendants removed the case to this Court on the basis of diversity

jurisdiction under 28 U.S.C. § 1332(a), federal question jurisdiction under 28 U.S.C. § 1331, and Class Action Fairness Act ("CAFA") jurisdiction under 28 U.S.C. § 1332(d). Defendant Bayer Corporation is a citizen of Indiana and Pennsylvania. Defendant Bayer HealthCare LLC is a citizen of New Jersey, Pennsylvania, Germany, and the Netherlands. Defendant Bayer Essure, Inc., and Defendant Bayer Healthcare Pharmaceuticals are citizens of Delaware and New Jersey. With respect to diversity jurisdiction, Defendants argued that although there is a lack of complete diversity on the face of the Petition, the Court should dismiss the claims of the non-Missouri plaintiffs for lack of personal jurisdiction, at which point complete diversity would exist. Defendants also argued that diversity jurisdiction exists because Plaintiffs' claims have been fraudulently misjoined.

On November 3, 2016, Plaintiffs filed the instant motion to remand this case, arguing that the Court should address subject matter jurisdiction before personal jurisdiction and that the Court should remand the case for lack of subject matter jurisdiction because there is no complete diversity, no federal question jurisdiction, and no jurisdiction under CAFA. Defendants oppose the motion to remand.

## II. LEGAL STANDARD

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). *See also* 28 U.S.C. § 1441(a). After removal, a plaintiff may move to remand the case to state court, and the case should be remanded if it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party invoking federal jurisdiction and seeking removal bears the burden of establishing federal jurisdiction, and all doubts about federal jurisdiction are resolved in favor of remand. *Central Iowa Power Co-op, v Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

### III. DISCUSSION

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). The parties' first dispute concerns whether the Court should first consider the issue of subject matter jurisdiction or the issue of personal jurisdiction. Plaintiffs argue that the Court should first consider whether it has subject matter jurisdiction over the case, and that it should find no subject matter jurisdiction and remand the case. Defendants argue that the Court should first consider whether it has personal jurisdiction over particular Plaintiffs' claims, dismiss any claims over which it does not have personal jurisdiction, and only then evaluate whether it has subject matter jurisdiction.

In *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), the Supreme Court recognized that "in most instances subject-matter jurisdiction will involve no arduous inquiry," and it stated that "[i]n such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587-88. However, the Supreme Court also held that where the question of personal jurisdiction is straightforward and presents no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult and novel question, courts have the discretion to consider personal jurisdiction first. *Id.* at 588. *See also Crawford*, 267 F.3d at 764 ("[C]ertain threshold questions, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared to the issue of subject-matter jurisdiction.").

After consideration of both parties' arguments, Court finds that the subject matter jurisdiction question here is straightforward and involves no arduous inquiry, and therefore the Court will exercise its discretion to consider its subject matter jurisdiction first. This approach is consistent with the approach taken by judges in this district in similar cases—several of which were nearly identical to the instant case and involved the same defendants. *See, e.g., Jones v. Bayer Corp.*, No. 4:16-CV-1192-JCH, 2016 WL 7230433, at *2 n.3 (E.D. Mo. Dec. 14, 2016); *Tenny v.*

*Bayer Healthcare, LLC*, No. 4:16-CV-1189-RLW, 2016 WL 7235705, at *2 (E.D. Mo. Dec. 13, 2016); *Dorman v. Bayer Corp.*, No. 4:16-CV-601-HEA, 2016 WL 7033765, at *1 (E.D. Mo. Dec. 2, 2016). *See also Wilcox v. Boehringer Ingelheim Pharms. Inc.*, No. 4:16-CV-753-HEA, ECF No. 27 (E.D. Mo. Dec. 7, 2016); *Clark v. Pfizer, Inc.*, No. 4:15-CV-546-HEA, 2015 WL 4648019, at *2 (E.D. Mo. Aug. 5, 2015).

The Court will consider each of the three bases for federal subject matter jurisdiction asserted in Defendants' Notice of Removal.

### A. Diversity Jurisdiction

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Complete diversity is lacking on the face of the Petition because Plaintiffs include citizens of New Jersey, Pennsylvania, and Indiana—states where some of the defendants are also citizens. Defendants argue, however, that the "fraudulent misjoinder" doctrine provides an exception to the requirement of complete diversity here. "Fraudulent misjoinder 'occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other.'" *Prempro*, 591 F.3d at 620 (quoting Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L. Rv. 52, 57 (2008)).

The Eighth Circuit has not yet decided whether to adopt the doctrine of fraudulent misjoinder, though it has noted that if it were to adopt the doctrine, only an "egregious" misjoinder would warrant its application. *See Prempro*, 591 F.3d at 622. In *Prempro*, several dozen women

from different states sued several different manufacturers of hormone replacement therapy (HRT) drugs in state court, with each plaintiff alleging that she had developed breast cancer as a result of taking the HRT drugs. *Id.* at 617. The defendant manufacturers removed the case to federal court, asserting that diversity existed under the fraudulent misjoinder doctrine because the plaintiffs' claims did not arise out of the same "transaction, occurrence, or series of transactions or occurrences," as required for joinder under Federal Rule of Civil Procedure Rule 20(a). *Id.* at 618. The Eighth Circuit held that even if it were to adopt the doctrine, the alleged misjoinder in the case before it was "not so egregious as to constitute fraudulent misjoinder." *Id.* at 622. It began by noting that the Eighth Circuit had adopted a "very broad" definition of the term "transaction" as used in Rule 20, under which the term "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* at 622 (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974)). The Eighth Circuit found that in contrast to fraudulent misjoinder cases that concerned claims with "no real connection" to one another, in the case before it "there may be a palpable connection between the plaintiffs' claims against the manufacturers as they all relate to similar drugs and injuries and the manufacturers' knowledge of the risks of HRT drugs." *Id*. at 623. The Court further noted that in the absence of evidence that the misjoinder "borders on a sham," it would not apply the fraudulent misjoinder doctrine to the case. *Id.* at 624.

Here, as in *Prempro*, the Court finds that the alleged misjoinder is not so egregious as to constitute fraudulent misjoinder. Each Plaintiff alleges injury from the same product (the Essure device), and each Plaintiff's claim involves the same allegedly wrongful conduct with regard to the development, distribution, marketing, and sales practices for that product. Plaintiffs' claims in this case are at least as logically connected to one another as were the claims in *Prempro* and will clearly involve common issues of law and fact. Although there are certainly differences between Plaintiffs' claims (such as the different injuries alleged, the different times when Plaintiffs received

the products, and the different doctors who prescribed the products), those differences do not render the joinder here "egregious" and certainly do not suggest that the joinder "borders on a sham." The Court further notes that several other judges in this district addressing nearly identical cases involving the same product and the same defendants have also found no egregious misjoinder. *See Tabor v. Bayer Corp.*, No. 4:16-CV-1682-RWS, ECF No. 38 (E.D. Mo. Dec. 16, 2016); (no fraudulent misjoinder in case involving several claims related to Essure); *Jones*, 2016 WL 7230433, at *3 (same); *Dorman*, 2016 WL 7033765, at *2 (same). *See also Robinson v. Pfizer Inc.*, No. 4:16-CV-439 (CEJ), 2016 WL 1721143, at *4 (E.D. Mo. April 29, 2016) ("On numerous occasions, this Court has determined that the joinder of plaintiffs alleging injury from a single drug is not 'egregious,' because common issues of law and fact connect the plaintiffs' claims.") (collecting cases).

In addition, to the extent that Defendants contend that the non-Missouri Plaintiffs are fraudulently misjoined because this Court does not have personal jurisdiction over them, the Court finds that argument to be without merit. Courts in this district have repeatedly held that an alleged lack of personal jurisdiction with respect to a particular plaintiff's claims does not establish fraudulent misjoinder. *See, e.g.*, *Joseph v. Combe Inc.*, No. 4:16-CV-284-RLW, 2016 WL 3339387, at *2 (E.D. Mo. June 13, 2016) ("In this district, courts have consistently held that an alleged lack of personal jurisdiction does not establish fraudulent joinder."). *See also Tenny*, 2016 WL 7235705, at *3; *Dorman*, 2016 WL 7033765, at *2.

Because the fraudulent misjoinder doctrine does not apply here and there is no complete diversity, the Court finds that diversity jurisdiction does not exist.

### B. Federal Question Jurisdiction

Defendants also argue that federal question jurisdiction exists under 28 U.S.C. § 1331, which provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A claim "arises under"

federal law if a federal question is presented on the face of the well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). This provision is generally invoked where plaintiffs have pleaded a cause of action created by federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). However, the Supreme Court has recognized "that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* Specifically, "[f]ederal question jurisdiction is available only where (1) the right to relief under state law depends on the resolution of a substantial, disputed federal question, and (2) the exercise of jurisdiction will not disrupt the balance between federal and state jurisdiction adopted by Congress. *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009).

Defendants argue that although Plaintiffs here allege only state law claims, their right to relief depends on the resolution of substantial, disputed federal questions. They emphasize that Plaintiffs' petition repeatedly pleads that Defendants violated the Federal Food, Drug, and Cosmetic Act (FDCA), and they argue that Plaintiffs must prove these violations in order to maintain their causes of action and avoid preemption. Defendants also emphasize that this case involves unique federal interests associated with Class III, premarket approved medical devices. Plaintiffs argue that although their claims may parallel federal law, they are fundamentally based on state law.

Courts in this district confronted with this issue have repeatedly rejected Defendants' position in very similar cases, concluding that the inclusion of allegations of violations of federal law in state-law claims with regard to the Essure product does not create a substantial issue of federal law and that accepting federal jurisdiction would disrupt the federal-state balance contemplated by Congress. *See Dorman*, 2016 WL 7033765, at *3-*4 (finding that because Congress declined to create a federal cause of action under the FDCA and because there is no

preemption of all state remedies under the FDCA, the federal issues raised in the plaintiffs' complaint were not substantial and accepting federal jurisdiction would disrupt the federal-state balance contemplated by Congress); *Tenny*, 2016 WL 7235705, at *4; *Tabor*, 4:16-CV-1682-RWS, ECF No. 38. This Court finds the reasoning of these courts persuasive. The federal issues raised in Plaintiffs' Petition are not substantial, and accepting federal jurisdiction in a case such as this would disrupt the federal-state balance contemplated by Congress. Thus, federal question jurisdiction does not exist.

### C. Jurisdiction under CAFA

Finally, Defendants argue that federal jurisdiction is proper under CAFA. Under CAFA's "mass action" jurisdictional provision, federal courts have jurisdiction over certain civil actions "in which monetary relief claims of 100 or more persons are proposed to be trial jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. § 1332(d)(11)(B)(i). Although this case involves only ninety-four plaintiffs, Defendants argue that this case should be considered along with eight other Essure cases filed in this district to form a single mass action involving more than 700 plaintiffs. They argue that these cases are part of the same mass action because these complaints contain the same substantive allegations, allege the same causes of action, were filed by the same counsel, and were filed in the same jurisdiction. They argue that Plaintiffs cannot avoid removal under CAFA by artificially separating their claims into nine separate petitions.

Defendants' argument is without merit. The instant case does not involve the claims of 100 or more persons, and there is no indication in the record that this case will be consolidated or that Plaintiffs wish to have this case tried jointly with any other cases. The fact that there is nothing in the record to suggest that Plaintiffs here have made any attempt to consolidate this case with any other Essure cases against Bayer distinguishes this case from the Eighth Circuit's decision in *Atwell v. Boston Scientific Corp.,* 740 F.3d 1160 (8th Cir. 2013)

In *Atwell,* the Eighth Circuit recognized that "state court plaintiffs with common claims against a common defendant may bring separate cases with fewer than 100 plaintiffs each *to avoid federal jurisdiction under CAFA*" unless "*plaintiffs* proposed to try their separate cases jointly." *Atwell*, 740 F.3d at 1162-63 (emphasis added). Defendants seem to suggest that even though Plaintiffs have made no attempt to consolidate this case with other Essure cases, this Court should nevertheless treat all of the Essure cases filed by the same lawyers as one action. In other words, Defendants are asking the Court to consolidate this case with all of the other Essure cases filed in this district. However, CAFA's mass action provision expressly excludes from the definition of a "mass action" removable under CAFA, "claims joined upon motion of a defendant." 28 U.S.C. §1332(d)(11)(B)(ii)(II). As such, it appears that granting Defendants' request to, in effect, consolidate this case with all other Essure cases filed by the same plaintiff's attorneys for the purpose of determining whether this Court has subject matter jurisdiction under CAFA would contravene both the letter and the spirit of the mass action provisions of CAFA.

Indeed, Defendants' argument has been repeatedly rejected by courts in this district. *See, e.g., Tenny*, 2016 WL 7235705, at *4 (collecting cases); *Jones*, No. 2016 WL 7230433, at *4; *Tabor*, 4:16-CV-1682-RWS, ECF No. 38; *Hammonds v. Monsanto Co.*, No. 4:11 CV 1660 DDN, 2011 WL 5554529, at *2 (E.D. Mo. Nov. 15, 2011) ("Defendants' theory is contravened by the plain language of CAFA which, by its clear terms, restricts "mass actions" to suits involving 100 or more plaintiffs."). The Court finds the reasoning in those cases persuasive; and, for all of the reasons set out above, concludes that CAFA cannot form a basis for subject matter jurisdiction.

### IV. CONCLUSION

Because the Court lacks subject matter jurisdiction over this case, it will grant Plaintiffs' motion to remand this case to state court. Any remaining questions about personal jurisdiction or improper joinder may be addressed by the state court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED** without prejudice, as moot.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of January, 2017.